Arthur FOWLER, Plaintiff,

v.

The UNITED STATES, the General Services Administration, Jay Solomon in his individual and official capacity as Administrator of the General Services Administration, the United States Civil Service Commission, and Alan Campbell, Jules Sugarman and Ursa Posten, Individually and as members of the United States Civil Service Commission, Defendants.

No. 78–1075C(1).

United States District Court,
E. D. Missouri, E. D.

July 12, 1979.

Stuart R. Berkowitz, Alif A. Williams, Legal Services of Eastern Mo., St. Louis, Mo., for plaintiff.

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on separate motions of the plaintiff and defendants for summary judgment. For the reasons stated below, plaintiff's motion will be denied and defendants will be granted summary judgment.

Plaintiff brings this class action seeking reinstatement and back pay for himself and other mentally retarded persons who have been discharged from federal employment. Plaintiff claims defendants wrongfully terminated his employment without due process of law. As a federal employee excepted from competitive service, plaintiff asserts that he was unconstitutionally denied the procedural protections of 5 C.F.R. Part 752, which provides notice and hearing rights to federal employees in competitive service.

The facts in this case are not in dispute. Plaintiff was hired by the federal government pursuant to the regulation classifying mentally retarded workers as excepted service employees. 5 C.F.R. § 213.3102(t). On September 9, 1977, defendants discharged plaintiff for allegedly threatening his supervisor. As an excepted employee, plaintiff was not given an opportunity to contest the termination of his federal employment.

Defendants move the court for summary judgment. Accepting the facts of plain-

tiff's complaint as true, defendants contend that they are entitled to judgment as a matter of law pursuant to Rule 56, Fed.R. Civ.P., because plaintiff fails to allege a liberty or property interest requiring due process protection.

■ The constitutional right of a federal employee to notice and hearing before discharge from employment is dependent upon the statutory or regulatory authority under which the employee was hired. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Congress provided broad discretionary authority to the executive branch to prescribe rules "as conditions of good administration warrant" to except positions from competitive service. 5 U.S.C. § 3302. Recognizing the barriers to federal employment created by standardized testing required for competitive service, the Civil Service Commission classifies mentally retarded individuals as excepted employees. 5 C.F.R. § 213.3102(t). As well as being excepted from competitive testing, mentally retarded employees are excepted from procedural protections afforded employees in competitive service pursuant to 5 C.F.R. Part 572.

The Court finds this statutory and regulatory authority does not create a constitutionally protected property interest of entitlement or expectancy of continued employment for federal employees excepted from competitive service. The interest which plaintiff had in federal employment was conditioned by the procedural limitations of his excepted service status which accompanied the grant of that interest. *See Arnett v. Kennedy*, 416 U.S. 134, 155, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Without a threshold showing of a property interest in continued employment, due process rights cannot be invoked to require notice and a hearing before termination of the employment of an excepted employee.

Therefore, defendants are entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Plaintiff's motion for summary judgment is denied, and defendants are granted summary judgment.